# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>J. FLORES, et al.,<br><br>    Defendants. | No.: 1:18-cv-00879-DAD-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S INFORMATION NOTICE AND REQUEST TO INTERVENE<br><br>(Doc. No. 19)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 1, 17, 18)<br><br>**FOURTEEN-DAY DEADLINE** |

### I. <u>Introduction</u>

Plaintiff Kareem Howell is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 27, 2018, the Court screened Plaintiff's complaint, and ordered him to either file a first amended complaint, or notify the Court of his willingness to proceed upon the cognizable claims in that order, within thirty days. (Doc. No. 17.)

Currently before the Court is Plaintiff's notice in response to the Court's screening order, filed on January 9, 2019. (Doc. No. 18.) Also before the Court is Plaintiff's Information Notice

and Request for the Court to Intervene, filed on January 7, 2019, that the Court will first address. (Doc. No. 19.)

## II.     Plaintiff's Information Notice and Motion for Court Intervention

Plaintiff's informational notice was captioned for six cases, including this matter. Plaintiff states in the notice that he is having issues with law library access and with mail, and requests assistance with matters related to one of his other cases, *Howell v. J. Burns, et al.*, Case No. 1:18-cv-00311-EPG-PC. Plaintiff states that the instant notice would be attempted to be sent through a "peer." Plaintiff discusses some discovery issues in the *Howell v. J. Burns, et al.* matter, and requests a ruling on a pending motion in that case.

In this matter, Plaintiff's complaint is at the screening stage, as discussed further in this order. (Doc. No. 17.) No defendant has been ordered to be served, no defendant has appeared, and no discovery and scheduling order has been issued. Plaintiff is not requesting any relief for the instant case. Although Plaintiff notes some issues with mail, the Court has received this mail and other mail from Plaintiff; namely, the additional notice in this case which is addressed below, and which does not mention any mailing problems. Therefore, Plaintiff's motion is denied with respect to this case.

Plaintiff is also discouraged from filing a single document in multiple cases in the future. As set forth in the First Informational Order in this case issued on June 28, 2018, if a party has more than one case pending and wants to file a document in more than one case, a separate copy with the case number and caption for each case should be filed. (Doc. No. 2, at ¶ **II.F**.) Plaintiff is warned that a document with more than one case number may be stricken or returned. (*Id.*) More importantly, Plaintiff should direct any motion to the specific issues in the case in which it is filed, so that the Court can fully understand Plaintiff's request and make appropriate rulings. Here, because Plaintiff asserts that there was some extraordinary circumstances and mailing issues that he wished to convey to the Court, his filing will not be stricken, but future filings which are onerous, duplicative, burdensome or otherwise waste judicial resources may be stricken.

The Court next addresses Plaintiff's other notice.

**III.     Plaintiff's Notice of Intent Not to File Amended Complaint**

As noted above, on December 27, 2018, the Court screened Plaintiff's complaint. (Doc. No. 17.) The Court found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Flores, Villagomez-Lemus and P. Rodriguez, and a cognizable claim for retaliation in violation of the First Amendment against Defendant Flores. However, Plaintiff's complaint did not state any other cognizable claims. Plaintiff was ordered to either file a first amended complaint, or notify the Court of his willingness to proceed upon the cognizable claims in that order, within thirty days. (Doc. No. 17.)

Plaintiff's notice dated January 7, 2019 states that he has received the Court's screening order and responds that he does not wish to file any amended complaint, and is willing to proceed upon the claims found cognizable. (Doc. No. 18.)

Therefore, the Court will recommend that the case proceed upon the claims listed above, and that all other claims and defendants be dismissed, for the reasons explained below.

**IV.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. **Plaintiff's Complaint**

Plaintiff is currently incarcerated at California State Prison, Corcoran, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Correctional Officer J. Flores; (2) Correctional Officer D. Villagomez-Lemus; (3) Correctional Officer P. Rodriguez; and (4) Psych Tech C. Guzman.

Plaintiff alleges that he has been diagnosed with a severe mental disorder and was housed in the long-term mental health housing unit. On April 23, 2018, Plaintiff was informed by his family that his brother had been killed. Plaintiff relayed the information to custody staff and requested that he be allowed to call home.

On April 25, 2018, Plaintiff began to experience suicidal thoughts and had to be removed from his cell by Defendants Flores and Villagomez-Lemus. As Plaintiff was being escorted to a holding cage in full restraints, he was stopped directly in front of the holding cage door and was speaking to Defendant Flores. For no reason, Defendant Villagomez-Lemus pulled Plaintiff toward him and then pushed Plaintiff into the holding cage and up against a wall. Defendant Flores then punched Plaintiff in the face. As Defendant Flores readied to punch Plaintiff a second time, Plaintiff put his head down to avoid the blow. Defendant Flores then stated, "This is filing that 'staff complaint' on me." (ECF No. 1 at 4.) In March 2018, Plaintiff had assisted another mentally challenged inmate with filing a staff complaint against Defendant Flores for a beating.

4

Plaintiff then was slammed to the floor and choked and punched by Defendants Flores and Villagomez-Lemus. Plaintiff attempted to call for help, but Defendant Flores placed his dirty, gloved hand over Plaintiff's mouth to silence him. Defendant Flores' fingers went inside of Plaintiff's mouth and obstructed his air flow. Plaintiff panicked and bit Defendant Flores' fingers. Defendant Flores yelled, "He's biting me!" Plaintiff stopped biting and Defendant Flores immediately removed his hand from Plaintiff's mouth. Plaintiff laid on the floor fully subdued by Defendants Flores, Villagomez-Lemus and P. Rodriguez. Defendant Flores punched Plaintiff in the face, knocking Plaintiff unconscious.

Plaintiff woke up to the sound of a loud emergency alarm and Defendant P. Rodriguez punching Plaintiff in the head with a closed fist. Defendant P. Rodriguez was holding Plaintiff down on the ground by lying on Plaintiff's back. Plaintiff was picked up from the floor and placed into a secured holding cell.

Defendant C. Guzman, the mental health psychiatric technician, arrived at the holding cell to conduct a medical examination. Defendant Guzman observed Plaintiff's physical injuries, which consisted of a swollen head and face. Defendant Guzman refused to document Plaintiff's injuries on the medical injury form and refused to provide Plaintiff with medical treatment. Plaintiff had been punched several times in the face and head and received no medical treatment.

Plaintiff further alleges that he later received a copy of the medical injury form from Defendant Guzman. Defendant Guzman reportedly falsified the document in an attempt to cover-up for the defendants and failed to document all of Plaintiff's injuries. Additionally, Defendant Guzman falsely claimed that Plaintiff stated that he would kill all the officers. Plaintiff denies making the statement.

**III.     Discussion**

      **1. Eighth Amendment—Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Flores, Villagomez-Lemus and P. Rodriguez.

### 2. First Amendment--Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989*); Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendant Flores.

### 3. Eighth Amendment – Medical Treatment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

"deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must

show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff's complaint fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Guzman. Although Plaintiff alleges that he had a swollen face and head, there is no allegation that he required medical treatment for his alleged injuries or that the failure to treat his condition resulted in further injury or pain. Further, Plaintiff alleges only that Defendant Guzman displayed mere indifference to his condition.

### 4. False Report

Plaintiff alleges that Defendant Guzman falsified the medical report and statements made by Plaintiff. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false medical injury report.

## IV. Conclusion

For the reasons explained above, it is HEREBY ORDERED that Plaintiff's motion requesting court intervention, filed on January 7, 2019 (Doc. No. 19), is denied.

Further, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's complaint for excessive force in violation of the Eighth Amendment against Defendants Flores, Villagomez-Lemus and P. Rodriguez, and for retaliation in violation of the First Amendment against Defendant Flores; and

2. All other claims and defendants be dismissed for the failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may

file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 10, 2019**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE